COPIES SENT
7-19-01 /s/
date    by

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HONORABLE THOMAS J. McAVOY

**UNIFORM PRETRIAL SCHEDULING ORDER**

U.S. DISTRICT COURT — N.D. OF N.Y.
**FILED**
JUL 19 2001
AT _____ O'CLOCK _____
Lawrence K. Baerman, Clerk — Binghamton

DAVID PEARLMAN

vs.                                          Civil No. 3:01-CV-504
                                                      TJM/GLS

COOPERSTOWN CENTRAL SCHOOL, ET AL

Counsel for all parties having reported on the status of this action as directed by the Court, and the Court having considered the positions of the respective counsel regarding a schedule for the progression of the case,

**IT IS ORDERED** that:

1) **THE DEADLINES SET IN THIS SCHEDULING ORDER ARE FIRM AND WILL NOT BE EXTENDED, EVEN BY STIPULATION OF THE PARTIES, ABSENT GOOD CAUSE.** See Fed. R. Civ. P. 16(b).

2) **VENUE MOTIONS** are to be filed **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1(b)2 and are to be made returnable before the assigned Magistrate Judge.

3) **JURISDICTION MOTIONS** are to be filed **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1(b)1 and are to be made returnable before the assigned District Judge. Note that such motions should be served at least 35 days before the deadline in order for the "motion package" to be filed in a timely manner.

4) **JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before **SEPTEMBER 20, 2001**

5) **AMENDMENT OF PLEADINGS:** Any application to amend any pleading in

this action shall be made on or before **SEPTEMBER 20, 2001**

**6) DISCOVERY:** All discovery in this matter is to be **completed** on or before **JUNE 7, 2002**. Service of discovery requests must be made a sufficient number of days before this deadline to allow responses to be served before the cut-off. Please refer to Local Rule 16.2 (Discovery Cut-Off).

**Special procedures for management of expert witnesses:**

There shall be binding disclosure of the identity of expert witnesses (including a curriculum vitae) as set forth below.

    **(a) Expert Reports.** With regard to experts who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony:

        **(1)** No later than **MARCH 7, 2002, plaintiff** shall identify such expert(s) and unless waived shall serve on the parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

        **(2)** No later than **APRIL 22, 2002 defendant(s)** shall identify such expert(s) and unless waived shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

        **(3)** No **depositions of experts** shall be taken until **after** the exchange of the above expert reports.

        **(4)** No later than **MAY 7, 2002**, the parties must identify any and all experts who will contradict or rebut evidence on the same subject matter identified by another party under subparagraphs 6(a)(1) and (2) above, and unless waived, shall serve on the other parties such expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

        **NOTE:** If a **treating physician** is expected to be called as a witness, he or she must be identified **at least 90 days prior to the close of discovery**. The production of written reports prepared by treating physicians pursuant to Fed. R. Civ. P. 26(a)(2)(B) is encouraged as an aid to settlement but is not required by the Court. (See Notes of Advisory Committee on Rules 1993 Amendment).

    **(b)** The failure to comply with the deadlines set forth in subparagraph (a) above may result in the imposition of sanctions, including the preclusion of testimony, pursuant to Fed. R. Civ. P. 16(f).

(c) In order to avoid the possibility of the unavailability of an expert witness at the time set for trial, counsel may preserve the testimony of such witness as outlined in 11(B)(2) below for use at trial. In the absence of same the trial will proceed without such testimony.

**7) MOTIONS** other than those made under paragraphs 2 and 3 above are to be **filed** on or before **AUGUST 2, 2002** .

   **a) NON-DISPOSITIVE MOTIONS.** Non-dispositive motions (except venue motions -paragraph 2 above- and motions for injunctive relief) shall **NOT** be filed until after a conference with the Magistrate Judge, which is to be arranged through the Courtroom Deputy Clerk assigned to the Magistrate Judge. Before requesting such a conference to resolve discovery disputes, the parties must have complied with Local Rule 7.1(d).

Non-dispositive motions, including discovery motions, shall be filed in accordance with Local Rule 7.1(b)2 and, except for motions for injunctive relief, shall be made returnable before the assigned Magistrate Judge. Motions for injunctive relief shall be made returnable before the assigned District Judge unless the case has been referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(c) ("consent" jurisdiction).

   **b) DISPOSITIVE MOTIONS. The motion deadline for Local Rule 7.1(b)1 motions is the <u>deadline</u> for FILING the entire "<u>motion package</u>".** Therefore, in order to meet this deadline, any dispositive motion under Local Rule 7.1(b)1 must be served at least 35 days prior to the deadline set in paragraph 7 above.

Dispositive motions shall be made returnable before the assigned District Judge unless the case has been assigned to a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**8) <u>TRIAL DATES:</u>**

   a) If no dispositive motions are filed by the date set in paragraph 7 above, the case will be marked trial ready and counsel and the parties should be prepared to proceed to trial as of that date. Otherwise, the case will be marked trial ready as of **SEPTEMBER 23, 2002** .

It is anticipated that the trial will take approximately **7** days to complete.

b) Trial is scheduled for **OCTOBER 7, 2002**, at <u>**9:30 A.M.**</u> at the Federal Courthouse in **BINGHAMTON**\*\*, New York.

\*\***COURT NOTATES THE PARTIES PREFER ALBANY TRIAL LOCATION.**

This is a **JURY** trial.

Trial dates are firm unless changed by the assigned Magistrate Judge or District Judge. Counsel and the parties are advised that the trial date may be moved up in accordance with 8(a) above. The unavailability of any witness, expert or otherwise, will not be grounds for a continuance. In order to avoid the possibility of going forward with the trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial ready date by written or video-taped deposition for possible use at trial.

Counsel are directed to report to the trial judge's chambers <u>at least one-half hour prior to trial commencement</u> to discuss jury selection and any other issues related to trial.

9) <u>**SETTLEMENT CONFERENCE:**</u> A settlement conference pursuant to Fed. R. Civ. P. 16(d) will be scheduled by the Court prior to the trial or as requested by the parties. In addition to counsel, a representative of each party **with settlement authority** shall attend the settlement conference or be available by telephone.

Prior to the settlement conference the parties are to have initiated settlement discussions. Plaintiff shall submit a **realistic** demand to defendant at least ten days before the conference, and defendant shall respond at least three days before the conference and shall submit a counteroffer, if appropriate. Failure to comply with these directions may result in sanctions.

10) <u>**ASSESSMENT OF JUROR COSTS:**</u> The parties are advised that pursuant to Local Rule 47.3, whenever any civil action scheduled for a jury trial is postponed, settled, or otherwise disposed of in advance of the actual trial, then, except for good cause shown, all juror costs, including Marshal's fees, mileage, and per diem, shall be assessed against the parties and/or their counsel as directed by the Court, unless the Court and the Clerk's Office are notified at least one full business day prior to the day on which the action is scheduled for trial in time to advise the jurors that it will be unnecessary for them to attend.

## 11) PRETRIAL SUBMISSIONS:

**Non-jury Trials:** **One week before the trial ready date** counsel shall submit to the Clerk's Office their joint pretrial stipulation **in duplicate** (see subparagraph A below) and all depositions (including video-taped depositions) to be used at trial (see subparagraph E below). In addition, **one week before the trial ready date** counsel for each party shall submit to the Clerk's Office **in duplicate** and a copy to opposing counsel **(1)** prepared findings of fact and conclusions of law; **(2)** witness lists (see subparagraph B(1) below); **(3)** exhibit lists (see subparagraph C(1) below); **(4)** a letter brief concerning any evidentiary issues (see subparagraph D below); and **(5)** a trial brief (see subparagraph F below).

**Jury Trials:** **One week before the trial ready** date counsel shall submit to the Clerk's Office their joint pretrial stipulation **in duplicate** (see subparagraph A below) and all depositions (including video-taped depositions) to be used at trial (see subparagraph E below). In addition, **one week before the trial ready date** counsel for each party shall submit to the Clerk's Office **in duplicate** and a copy to opposing counsel **(1)** Court Ordered Voir Dire (attachment #1); **(2)** proposed voir dire; **(3)** witness lists (see subparagraph B(1) below); **(4)** exhibit lists (see subparagraph C(1) below); **(5)** a letter brief concerning any evidentiary issues (see subparagraph D below); **(6)** a trial brief (see subparagraph F below); and **(7)** requests to charge, including a proposed Special Verdict Questionnaire (see subparagraph G below).

**(A)   PRETRIAL STIPULATIONS:** A joint pretrial stipulation shall be subscribed by counsel for all parties and shall be filed with the Clerk's Office **in duplicate one week before the trial ready date** and shall contain:

(1) The basis of federal jurisdiction;

(2) A list of all exhibits which can be stipulated into evidence or which will be offered without objection as to foundation;

(3) Relevant (a) facts not in dispute, (b) facts in dispute, and (c) issues of law to be considered and applied by the Court.

**(B) WITNESSES:**

(1) **One week before the trial ready date** counsel for each party shall file with the Clerk's Office **in duplicate** the following information regarding the evidence that it may present at trial other than solely for impeachment

purposes. <u>See</u> Fed. R. Civ. P. 26(a)(3).

   a)   The name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

   b) The designation of those witnesses whose testimony is expected to be presented by means of a deposition (including video-taped deposition).

   (2)   The unavailability of any witness, expert, or otherwise, will not be grounds for a continuance. In order to avoid the possibility of going forward with the trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial ready date by written or video-taped deposition for possible use at trial. (Please refer to the attached instruction sheet for the use of video-taped depositions). **NOTE: Pursuant to paragraph 8(a) above, the trial date may be advanced to the motion deadline if no dispositive motions are filed.**

(C) <u>**EXHIBITS:**</u> All exhibits shall be marked for identification in the manner prescribed below prior to the filing of the trial briefs. A complete set of copies of the exhibits, along with the original and one copy of the exhibit list (see subparagraph 1 below), shall be presented to the Judge's Courtroom Deputy Clerk at the beginning of the trial.

   The exhibits shall have been inspected by the opposing party and copies at their expense (unless waived), <u>**NO LATER THAN ONE WEEK PRIOR TO THE TRIAL READY DATE.**</u> All documents and/or papers intended as exhibits or to be used during the course of trial, including but not limited to, documents, photographs, charts, diagrams, etc., shall be assembled in **BINDERS** with each document properly marked at the lower right corner for identification purposes as directed below. In voluminous cases consult with the Judge's Courtroom Deputy Clerk for the proper procedure to follow.

   ***NOTE: During the course of trial the Courtroom Deputy Clerk shall take charge of exhibits which are <u>received into evidence</u>. At the conclusion of the trial, the deputy clerk will immediately return all of the exhibits to the proper parties. It is the responsibility of the parties to**

**maintain the exhibits and to produce the exhibits for any appeal.**

    **(1) EXHIBIT LISTS:** The exhibits shall be listed on the form prescribed by the Court, a copy of which is attached to this Order. Counsel are to supply all the requested information which the exception of the two " Date Boxes" which should remain blank. The original and one copy of the exhibit list shall be given to the Judge's Courtroom Deputy Clerk along with the exhibits at the beginning of the trial.

    **(2) EXHIBIT MARKERS:** Counsel shall fill in the appropriate markers leaving the "File" and "Deputy Clerk" lines blank. All exhibits shall be assigned numbers by using a prefix of "P" for plaintiff, "D" for defendant, and "G" for Government.

    Plaintiff's exhibits should be denoted as: P-1, P-2, P-3, etc. Defendant's exhibits should be denoted as D-1, D-2, D-3, etc. Government's exhibits should be denoted as: G-1, G-2, G-3, etc. In cases involving multiple defendants, the exhibits shall be denoted with the initial of the last name of the defendant and its numerical identification number.

    Stickers shall be affixed whenever possible to the lower right-hand corner of the exhibit. If the exhibit marker is going to cover any information on the exhibit, then affix the marker to the reverse side of the exhibit. Each exhibit shall also have an exhibit number in the upper right hand corner of the exhibit. (P-1, P-2, etc. or D-1, D-2, etc.)

**(D) EVIDENTIARY ISSUES (motions in limine):** **One week before the trial ready date** counsel shall file with the Clerk's Office, **in duplicate**, with a copy to opposing counsel a letter brief containing a concise statement of any and all evidentiary issues to be presented upon trial, citing the applicable rules of evidence and case law.

**(E) DEPOSITIONS:** All depositions (including video-taped depositions) to be used at trial shall be filed with the Clerk's Office **at least one week before the trial ready date**. Not earlier than one week and not less than four days prior to

the trial ready date, each party shall indicate to the other party the portion of the deposition to be offered. To the extent possible, objections are to be resolved between the parties. Areas of unresolved disagreement shall be presented to the Court for ruling prior to the trial ready date. (See attached instruction sheet for use of video-taped depositions.)

**(F) TRIAL BRIEFS: One week before the trial ready date** counsel shall file with the Clerk's Office **in duplicate** with a copy to opposing counsel a trial brief containing argument and citations on any and all disputed issues of law.

**(G) REQUESTS TO CHARGE: One week before the trial ready date** counsel shall file with the Clerk's Office a request to charge and a proposed Special Verdict Questionnaire on a 3.5-inch computer disk, preferably in Word Perfect format, and on paper **in duplicate** with a copy to opposing counsel. The request to charge need only include instructions that are specific to the law in this case regarding liability, damages, and any unusual issues. The court has the usual boilerplate charge.

DATED: <u>July 18, 2001</u>　　　　　　<u>GARY L. SHARPE</u>
　　　　BINGHAMTON, NEW YORK   U.S. Magistrate Judge

# COURT ORDERED VOIR DIRE
## TO BE USED BY THE JUDGE AT TRIAL

CASE TITLE: _____ VS. _____

CIVIL ACTION NO.: _____ - CV - _____

ASSIGNED JUDGE OR MAGISTRATE JUDGE: _____

## ATTACHMENT #1

Each attorney is required to submit the following information on behalf of his/her client for use by the Court during Voir Dire and must be filed with the Court one week in advance of the trial ready date.

**NAMES AND ADDRESSES OF ALL PARTIES TO THE LAW SUIT.**

(Use additional page if necessary)

**YOUR NAME, FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.**

(Use additional page if necessary)

**SET FORTH THE DATE OF THE OCCURRENCE, THE PLACE OF THE OCCURRENCE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE LITIGATION.**

(Use additional page if necessary)

**SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES TO BE CALLED.**

(Use additional page if necessary)

**SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR AREA OF EXPERTISE.**

(Use additional page if necessary)

**SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY CAUSE OF ACTION IN THE COMPLAINT.**

(Use additional page if necessary)

**SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE DEFENSE**

**ASSERTED AS WELL AS A STATEMENT ADDRESSING ANY COUNTERCLAIMS RAISED IN THE ANSWER.**

(Use additional page if necessary)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PLEASE TAKE NOTICE** that any delay in jury selection occasioned by the failure to provide this information will be explained to the jury as to the extent of the delay and the attorney causing same and if the delay causes a one day or more postponement of this trial, appropriate monetary sanctions will be imposed by the Court.

Submitted by: _____

Date: _____

**FINAL PRETRIAL ORDER   -   CONTINUED...**

**INSTRUCTIONS FOR THE USE OF VIDEO TAPED DEPOSITIONS**

COUNSEL ARE TO VIEW ALL VIDEOTAPES WHICH MAY BE OFFERED INTO EVIDENCE. AT THE TIME OF TRIAL ALL VIDEO-TAPED DEPOSITIONS TO BE USED AT TRIAL SHALL BE FILED WITH THE CLERK'S OFFICE AT LEAST ONE WEEK BEFORE THE TRIAL READY DATE. NOT EARLIER THAN ONE WEEK AND NOT LESS THAN FOUR DAYS PRIOR TO THE TRIAL READY DATE, EACH PARTY SHALL INDICATE TO THE OTHER PARTY THE PORTION OF THE DEPOSITION TO BE OFFERED. TO THE EXTENT POSSIBLE, OBJECTIONS ARE TO BE RESOLVED BETWEEN THE PARTIES. COUNSEL SHALL SUBMIT ALL OBJECTIONS, IN WRITING, TO THE COURT FOR RULING PRIOR TO THE TRIAL READY DATE.

---

THE CLERKS OFFICE HAS AVAILABLE A VHS FORMAT VIDEO CASSETTE PLAYER AND TELEVISION FOR USE AT TRIAL. PLEASE BE ADVISED THAT YOU MUST PROVIDE A PERSON TO RUN THE EQUIPMENT DURING THE COURSE OF THE TRIAL.

---

## ELECTRONIC VISUAL EVIDENCE PRESENTOR

IN ADDITION TO THE VIDEO EQUIPMENT NOTED ABOVE, THE COURT HAS AVAILABLE A VISUAL EVIDENCE PRESENTOR WHICH WILL ALLOW COUNSEL TO DISPLAY PHOTOS (NEGATIVES OR POSITIVES), DOCUMENTS, X-RAYS, AND 3-D OBJECTS , WITHOUT WIRES, ON TELEVISIONS PLACED THROUGHOUT THE COURTROOM. THIS EQUIPMENT IS AVAILABLE AT THE COURTHOUSES IN ALBANY, SYRACUSE, UTICA AND BINGHAMTON. USE OF THE VISUAL PRESENTOR MAY BE REQUIRED BY THE TRIAL JUDGE PRESIDING OVER YOUR CASE. FOR FURTHER INFORMATION ON THE USE OF THIS EQUIPMENT, PLEASE CONTACT THE COURTROOM DEPUTY CLERK FOR THE ASSIGNED TRIAL JUDGE.

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK |
|---|---|
| CASE NO. _____ | CASE NO. _____ |
| PLAINTIFF EXHIBIT NO. _____ | DEFENDANT EXHIBIT NO. _____ |
| DATE ENTERED: _____ | DATE ENTERED: _____ |

| | |
|---|---|
| **LAWRENCE K. BAERMAN, CLERK**<br><br>BY:_____<br>    DEPUTY CLERK<br><br><br>UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br><br>PLAINTIFF EXHIBIT NO. _____<br><br>DATE ENTERED: _____<br><br>**LAWRENCE K. BAERMAN, CLERK**<br><br>BY:_____<br>    DEPUTY CLERK<br><br><br>UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br><br>PLAINTIFF EXHIBIT NO. _____<br><br>DATE ENTERED: _____<br><br>**LAWRENCE K. BAERMAN, CLERK**<br><br>BY:_____<br>    DEPUTY CLERK<br><br><br>UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br><br>PLAINTIFF EXHIBIT NO. _____<br><br>DATE ENTERED: _____<br><br>**LAWRENCE K. BAERMAN, CLERK**<br>BY:_____<br>    DEPUTY CLERK | **LAWRENCE K. BAERMAN, CLERK**<br><br>BY:_____<br>    DEPUTY CLERK<br><br><br>UNITED STATES DISTRICT COURT<br>    NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br><br>DEFENDANT EXHIBIT NO. _____<br><br>DATE ENTERED: _____<br><br>**LAWRENCE K. BAERMAN, CLERK**<br><br>BY:_____<br>    DEPUTY CLERK<br><br><br>UNITED STATES DISTRICT COURT<br>    NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br><br>DEFENDANT EXHIBIT NO. _____<br><br>DATE ENTERED: _____<br><br>**LAWRENCE K. BAERMAN, CLERK**<br><br>BY:_____<br>    DEPUTY CLERK<br><br><br>UNITED STATES DISTRICT COURT<br>    NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br><br>DEFENDANT EXHIBIT NO. _____<br><br>DATE ENTERED: _____<br><br>**LAWRENCE K. BAERMAN, CLERK**<br>BY:_____<br>    DEPUTY CLERK |