# THE LAW FIRM OF FRANK W. MILLER
*Attorneys and Counselors at Law*
6296 Fly Road
East Syracuse, New York 13057
Telephone: (315) 234-9900
Fax: (315) 234-9908
fmiller@fwmillerlawfirm.com

Frank W. Miller

Byron J. Babione
Charles E. Symons

November 4, 2002

*Via Facsimile & U.S. Mail*
*(315)234-8501*

Magistrate Gary L. Sharpe
c/o Judy Baugh
U.S. District Court
Northern District of New York
100 S. Clinton Street
Syracuse, New York 13261-7376

[Stamp: Hon. Gary L. Sharpe, U.S. Magistrate Judge, N.D. of N.Y. — RECEIVED NOV -5 2002]

[Stamp: U.S. DISTRICT COURT - N.D. OF N.Y. FILED NOV -5 2002]

[Stamp/handwritten: Request is hereby GRANTED. IT IS SO ORDERED. Dated 11-5-02. Gary L. Sharpe, Hon. Gary L. Sharpe, U.S. Magistrate Judge]

[Handwritten annotation: SEE, L.R. 7.1(b)(1)(B). Party has no authority to reject when there is at least 21 days to respond.]

**Re:   Pearlman v. Cooperstown Central School District and Mary Jo McPhail**
**       Civil Action No.: 01-CV-0504**

Dear Magistrate Sharpe:

We are the attorneys for the Defendants, Cooperstown Central School District and Mary Jo McPhail, and represent them in connection with the above-referenced matter.

I write to request the Court's assistance in resolving a dispute over the service of Defendants' Motion for Summary Judgment papers on the Plaintiff's attorney, James B. Tuttle. Per the uniform pre-trial scheduling order in this case, the motion filing deadline is December 2, 2002. By overnight mail, we, the Defendants, served our motion papers on the Plaintiff's attorney on October 31, 2002, thirty-two (32) days before the December 2, 2002 deadline. The Plaintiff had twenty-one (21) days in accordance with N.D.N.Y. L.R. 7.1 in which to respond. We were going to limit our reply time to no more than eleven (11) days, so that our motion would be filed by the December 2, 2002 deadline.

However, the Plaintiff's attorney, Mr. Tuttle, after receiving our papers on November 1, 2002, rejected and returned them, also via overnight mail because he did not receive them thirty-five (35) days before the motion deadline.

We contend that there was no just cause for Mr. Tuttle's rejection of our papers since his client was not prejudiced in any way. Since the Plaintiff would not be prejudiced, having twenty-one (21) days to respond under the rule, Mr. Tuttle's rejection of our motion papers was obstructive and makes no practical sense.

I respectfully request that the Court deem that our Motion for Summary Judgment papers were timely served on the Plaintiff's attorney on October 31, 2002. Pending receipt of the Plaintiff's response papers within twenty-one (21) days of October 31, 2002, our Reply will be served and the motion package filed by the December 2, 2002 motion filing date.

Magistrate Gary L. Sharpe
November 4, 2002
Page 2

    We have again mailed our Motion for Summary Judgment papers on the Plaintiff today, November 4, 2002. In serving our papers again today, we have deemed them a cross-claim to the Plaintiff's Motion for Summary Judgment which were served upon us on October 28, 2002. However, we designate our papers as a cross-claim "without prejudice" because we believe the papers were timely served as a motion in accordance with the L.R. 7.1 and the purpose of the uniform pre-trial scheduling order. We implore the Court to order that our papers be treated as a timely served motion.

    Had Mr. Tuttle accepted our papers, he would have had twenty-one (21) days to respond, we would have had eleven (11) days to make a reply, and the motion package would have been timely filed on December 2, 2002 in accordance with the uniform pre-trial scheduling order.

    I respectfully request that the Court schedule an immediate status conference with me and Mr. Tuttle to address and resolve this issue.

Very truly yours,

THE LAW FIRM OF FRANK W. MILLER

Byron J. Babione

BJB/paw
Cc:    James B. Tuttle, Esq.